UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SLATE ROCK CONSTRUCTION COMPANY, LTD.**,

    **Plaintiffs**,

v.

    Civil Action 2:10-cv-01031
    Judge Algenon L. Marbley
    Magistrate Judge E.A. Preston Deavers

**ADMIRAL INSURANCE COMPANY,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Limited Relief under Fed. R. Civ. 26(d)(1). (ECF No. 243.) Specifically, Plaintiff requests that the Court allow it to seek limited discovery prior to conferring with opposing counsel pursuant to Federal Rule of Civil Procedure 26(f). For the reasons that follow, Plaintiff's Motion is **GRANTED** to the extent that the Court will allow Plaintiff to engage in expedited discovery to request the relevant insurance policies.

## I. BACKGROUND

Plaintiff, Slate Rock Construction Company, Ltd. ("Slate Rock"), brings this action seeking declaratory and other relief against several Defendants including Defendant General Accident Insurance Company, n/k/a OneBeacon Insurance Company ("OneBeacon"). As it relates to this case, Slate Rock served as the general contractor on three construction projects in Pennsylvania. To complete these projects, Slate Rock entered into contracts with several subcontractors. Slate Rock maintains that these contracts required each subcontractor to obtain

commercial general liability insurance; name Slate Rock as an "additional insured" under the relevant insurance policies; and file certificates of insurance with Slate Rock evidencing that it was as an additional insured under the relevant policies. (Compl. ¶¶ 52–54.) Lawsuits have since been brought against Slate Rock in the three underlying construction projects. Slate Rock asserts that all of the insurance-company Defendants have failed or refused to defend Slate Rock in the underlying lawsuits.[1]

Consequently, Slate Rock seeks declaratory judgments from the Court finding that each insurance company who provided an insurance policy to the subcontractors, including OneBeacon,[2] is obligated to defend it, as an additional insured, in the underlying construction lawsuits. (*See* Compl. ¶¶ 94–231.) In the alternative, Slate Rock brings promissory estoppel and negligent misrepresentation claims against each insurance broker for issuing certificates of insurance stating that Slate Rock is an additional insured on the relevant insurance policies. (*See* Compl. ¶¶ 232–391.) Multiple Defendants have moved to dismiss Plaintiffs' claims based on lack of personal jurisdiction, improper venue, and failure to state a claim. (*See, e.g.*, ECF Nos. 159, 169, 171.) Additionally, OneBeacon and several other Defendants have moved the Court to transfer venue pursuant to 28 U.S.C. § 1404(a). (*See* ECF No. 167.)

Before and during this lawsuit, Slate Rock requested that each of the insurance company Defendants provide it with certified copies of the relevant insurance policies. OneBeacon, however, declined to provide Slate Rock copies of its insurance policies with Defendants Ryco,

---

[1] The Defendants generally fall into the categories of insurance companies, insurance brokers, or subcontractors.

[2] Slate Rock brings its claim against OneBeacon maintaining that it provided insurance policies to Defendants Ryco, Inc. and Phoenix Framing, LLC, which included Slate Rock as an additional insured. (Compl. ¶ 160.)

Inc. and Phoenix Framing, LLC.[3]  Consequently, Slate Rock now seeks the Court's permission to engage in expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1).[4]  Slate Rock contends that permitting early discovery will streamline the case.  Specifically, Slate Rock maintains that if the insurance policies include it as an additional insured, it intends to dismiss its alternative claims against the insurance broker Defendants.  Slate Rock asserts that it requires certified copies of the complete policies to determine whether the policies include Slate Rock as an additional insured.[5]  Moreover, Slate Rock emphasizes that its requests are narrow in scope and involve documents that OneBeacon will eventually have to produce.  Finally, Slate Rock contends that granting limited early discovery will not prejudice OneBeacon.

OneBeacon opposes Slate Rock's Motion for Limited Relief.  OneBeacon asserts that Slate Rock has failed to demonstrate good cause for lifting the discovery moratorium embedded in Rule 26 of the Federal Rules of Civil Procedure.   Additionally, OneBeacon maintains that it would be inappropriate for the Court to allow discovery involving the merits when motions challenging venue and jurisdiction are pending.  Finally, OneBeacon contends that even if the Court would permit discovery pursuant to Rule 26(d), to the extent Slate Rock seeks to compel discovery, its motion is premature.

---

[3] It appears at this time that the remaining insurance company Defendants have provided Slate Rock copies of the other relevant insurance policies.

[4] The Court held an informal telephone conference on March 25, 2011 with the hope that it could resolve this issue without the need for comprehensive briefing.  Before and during the conference, however, OneBeacon stressed that it desired to fully brief the issues involved.  Accordingly, the Court allowed the parties a full opportunity to brief the issues.

[5] In response to Slate Rock's earlier requests, instead of providing a certified copy of the entire document, OneBeacon provided Slate Rock with a copy of an endorsement, which indicated Slate Rock is an additional insured.  (*See* ECF No. 266-1.)

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  Thus, Rule 26(d) vests the district court with discretion to order expedited discovery.  *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

Courts considering motions for expedited discovery typically apply a good cause standard.  *Lemkin*, 2009 WL 1542731, at *2 (citations omitted).  The burden of demonstrating good cause rests with the party seeking the expedited discovery.  *Id*. (citation omitted).  The moving party may establish good cause by demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *See id*. (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal 2002)).  In determine whether good cause exist, the Court will also consider whether the scope of the proposed discovery "is appropriately narrow and targeted."  *Id.*

## III.  LEGAL ANALYSIS

In this case, the Court finds that Slate Rock has met the good cause standard underlying Rule 26(d).  Three basic reasons support this conclusion.  First, under the circumstances of this case, efficiency interests favor allowing limited early discovery.  Slate Rock brings this action against over thirty Defendants, many of whom are insurance brokers on Slate Rock's alternative claims.  In seeking the relevant insurance policies at this time, Slate Rock maintains that it is attempting to decide whether it can dismiss its alternative claims against the insurance broker Defendants and rely solely on its claims for declaratory judgment.  The Court finds no reason to

4

doubt this assertion.  Furthermore, the Court credits Slate Rock's assertion that it must examine the complete insurance policies, as opposed to the isolated endorsements OneBeacon has provided, before making decisions to dismiss Defendants.  As Slate Rock points out, another endorsement to the policies may remove it is as an additional insured.  Moreover, OneBeacon denied in its Answer that Slate Rock was an additional insured under the policies.  (*See* Answer ¶ 160, ECF No. 166.)

Because of the numerous parties currently involved in this case, the interests of judicial economy, and efficiency for the parties will be promoted if the issues and participants are narrowed at an early stage in the proceedings.  If Slate Rock is able to dismiss parties from this case at this early stage, the future proceedings in this case will be simplified, regardless of whether the Court ultimately transfers the action.

Second, the narrow scope of the discovery Slate Rock seeks weighs heavily in favor of a determination of good cause in this case.  As indicated above, the Court is more likely to find good cause under Rule 26(d) when a party's expedited discovery requests are narrow and targeted.  Here, in requesting early discovery, Slate Rock is merely seeking permission to obtain copies of two insurance policies.  The normal time frame and schedule under Rule 26 will apply to the remainder of discovery.

Third, OneBeacon will endure little, if any, prejudice if the Court allows limited discovery to proceed at this time.  In assessing whether good cause exists, at least within the context of Rule 26(d), the Court balances the need for early discovery with the potential prejudice to the responding party.  It is clear to the Court that Slate Rock will inevitably submit discovery requests for these insurance policies.  In opposing Slate Rock's Motion, OneBeacon does not identify any prejudice that it will endure if Slate Rock is allowed to request the two

insurance policies at issue before the parties confer pursuant to Rule 26(f).  Rather, because Slate Rock's requests are limited in scope, any potential prejudice will be minimal at best.  Additionally, for the reasons described below, the Court does not construe Slate Rock's Motion as one to compel discovery.  Therefore, to the extent OneBeacon objects to Slate Rock's discovery requests, it may utilize the normal protections of the Federal Rules of Civil Procedure and this Court's Local Rules to obtain relief.  Consequently, although the need for exigency may not be overwhelming in this case, it still outweighs the negligible prejudice to OneBeacon in turning over two documents.

      The Court finds nothing inappropriate in allowing limited discovery to take place at this stage.  The United States Court of Appeals for the Sixth Circuit has routinely held that the "conduct of discovery [is] committed to the sound discretion of the district court."  *Medison Am., Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 661 (6th Cir. 2009) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)).  OneBeacon, however, cites *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3rd Cir. 1970) and *Investment Properties Intern., Limited v. IOS, Limited*, 459 F.2d 705 (2nd Cir. 1972) to support its assertion that the Court should not allow any merits discovery to occur when venue and jurisdictional challenges are pending.  In addition to being forty-year old non-binding authority, these cases are easily distinguishable from the current facts.  In *Polin*, a district court "held that all matters of discovery should be fully completed before any action is taken on the [motion to transfer venue] . . . ."  *Polin*, 429 F.2d at 30.  The United States Court of Appeals for the Third Circuit held that it was improper for the district court to postpone its decision on the motion to transfer venue, and directed the district court to use its "wise discretion" to prevent "discovery from leading into the merits of the

claim."[6] *Id.* In this case, the Court is not putting off the jurisdictional and venue challenges. These matters are currently under advisement by the District Judge. And, the Court never intended when it held an informal conference to allow, and is not now permitting, Slate Rock to engage in a full array of merits discovery. Rather, the Court is allowing the production of two documents, which will assist in simplifying future proceedings before either this or the transferee court.

Furthermore, the Court finds OneBeacon's reliance on the Second Circuit's *Investment Properties* decision to be misplaced. *Investment Properties* is inapposite and adds little value to this case. In that case, the Second Circuit granted a petition for writ of mandamus directing a district judge to allow limited discovery relevant to whether the district court had jurisdiction and standing. *Investment Properties*, 459 F.2d at 708. The Court of Appeals did not address the relevant issue here, namely the propriety of a court allowing limited discovery prior to a Rule 26(f) Conference while jurisdictional or venue challenges were pending.

It is also telling that this Court has refused to stay discovery pending a motion to dismiss for lack of subject matter jurisdiction.[7] *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2009 WL 3210379, at *2–3 (S.D. Ohio Sept. 30, 2009). In doing so the Court reasoned:

> [R]equests for a stay of discovery pending the resolution of an initial Rule 12 motion are not limited to motions brought under Rule 12(b)(6). Parties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of

---

[6] The Court of Appeals did not, as OneBeacon represented in its "Notice of Reservation of Rights," issue the writ of mandamus. (ECF No. 250.)

[7] As OneBeacon emphasizes, this matter is before the Court on a motion for expedited discovery and not on a motion to stay discovery. Nevertheless, because the Court finds that Slate Rock has demonstrated good cause for limited expedited discovery pursuant to Rule 26(d), the circumstances are analogous.

>personal jurisdiction, or improper venue.  However, the impact of these types of motions on the issue of whether discovery should proceed is not substantially different.  In fact, it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper.

*Charvat*, 2009 WL 3210379, at *2–3.  The logic applies equally to this case.  Even assuming OneBeacon is successful in its motion to transfer, Slate Rock will ultimately have a right to request the insurance policies at issue while the case is before the transferee court.  Accordingly, the Court finds little reason to delay this discovery until after disposition of the pending jurisdictional and venue motions.

Finally, OneBeacon contends that even if the Court finds expedited discovery appropriate, it should not treat Slate Rock's Motion as one to compel discovery.  On this point, the Court agrees.[8]  Under S.D. Ohio Civ. R. 37.1, a party must first exhaust all extrajudicial means for resolving discovery disputes before filing a motion to compel.  In this case, Slate Rock has requested on numerous occasions that OneBeacon provide the insurance policies. Nevertheless, although professional courtesy may have suggested different behavior, because the discovery period had not yet begun pursuant to Rule 26, OneBeacon had no discovery obligation to provide any documents, even those that will be discoverable.  Accordingly, at this time, the Court grants Slate Rock's Motion only to the extent Slate Rock seeks expedited discovery pursuant to Rule 26(d) in order to request copies of the relevant insurance policies.  If the parties disagree as to whether the insurance policies are discoverable, they are entitled to resort to the

---

[8] For this reason, the Court will refrain from deciding whether Slate Rock is actually entitled to these documents at this time.

protections afforded under the Federal Rules of Civil Procedure as well as this Court's Local Rules.[9]

## IV.  CONCLUSION

For the above reasons, the Court **GRANTS** Slate Rock's Motion for Limited Relief under Fed. R. Civ. 26(d)(1) (ECF No. 243) to allow Slate Rock to conduct limited expedited discovery in order to seek production of the two insurance contracts at issue in this dispute. Nothing in this Opinion and Order may be construed as a decision to permit full-merits discovery in this action.

At this time, the Court also informs all parties that it will set a preliminary pretrial conference, if necessary, following the resolution of the pending motions to transfer venue.

**IT IS SO ORDERED**.


Date: May 2, 2011                                        /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge

---

[9]  Slate Rock suggests that if the Court does not compel the production of the documents, it will lead the Court right back to a similar motion. (*See* Reply 7, ECF No. 275.) Although the Court would expect that the parties could resolve any dispute through extrajudicial means, Slate Rock may ultimately be correct.  If the parties are not able to resolve potential conflicts regarding discovery of the insurance policies, Slate Rock is certainly entitled to bring a motion to compel pursuant to Federal Rule of Civil Procedure 37.  If Slate Rock were to succeed on such a motion, of course, it would be entitled to its reasonable expenses including attorney's fees.  Fed. R. Civ. P. 37(a)(5).